UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERICAN SURGICAL ASSISTANTS, INC. § § § Plaintiff, § § v. § CIVIL ACTION NO. 4:09-cv-0774 § UNITED HEALTHCARE OF TEXAS, § INC. ET AL., § § Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Response to Plaintiff's Motion for Leave to File an Amended Pleading, or Alternatively, Motion to Dismiss, and Brief in Support Thereof (Doc. No. 16), and Plaintiff American Surgical Assistants, Inc.'s Motion to Take Judicial Notice of United States Senate Report (Doc. No. 27). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Defendants' motion should be granted. Plaintiff shall amend its complaint. The Court finds that Plaintiff's motion should be denied.

### I.   BACKGROUND

ASA filed this lawsuit in state court in July 2008, alleging that Defendants United Healthcare of Texas, Inc., and United Healthcare Insurance Company (collectively, "United") wrongfully underpaid ASA for services rendered to United policyholders.[1] (Pl.'s Original Pet., Doc. No. 1, Ex. A, at 2.) United timely removed to federal court on

---

[1] In considering the Rule 12(b)(6) motion to dismiss, the Court accepts the factual allegations in Plaintiff's complaint as true. *Frame v. City of Arlington*, 575 F.3d 432, 433-34 (5th Cir. 2009). Thus, the Court pulls relevant facts from ASA's complaint and motions, and also used undisputed facts from United's filings.

the basis of federal question jurisdiction. ASA filed a motion to remand shortly thereafter, which was granted by Judge Vanessa Gilmore in December 2008.

After remand, ASA filed an amended petition which added more state law claims. In March 2009, United again removed the action to this Court on the basis of federal question jurisdiction. United maintained that the newly added claims were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 29 U.S.C.). (Notice of Removal, Doc. No. 1, ¶¶ 4-11.) ASA again filed a motion to remand, arguing that its claims were not preempted by ERISA. (Pl.'s Mot. to Remand, Doc. No. 6, ¶¶ 9-19.) Shortly thereafter, ASA sought leave to file an amended complaint. (Pl.'s Mot. for Leave to File Am. Pleading, Doc. No. 14.) United opposed the filing of an amended complaint and argued, alternatively, for dismissal. (Defs.' Resp. to Pl.'s Mot. for Leave to File an Am. Pleading, or Alternatively, Mot. to Dismiss, and Brief in Supp. Thereof, Doc. No. 16.) The Court granted ASA's motion for leave to file. Because the complaint alleged for the first time explicit federal causes of action, including ERISA, RICO, and Sherman Act violations, the Court denied the pending motion to remand as moot. The live complaint in this case is ASA's Second Amended Complaint. (Pl.'s Second Am. Compl., Doc. No. 13.) The Court now turns to United's motion to dismiss.

## II. MOTION TO DISMISS

### A. Rule 12(b)(6) Standard of Review

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in

the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not be sufficient. *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).

### B. Analysis

United seeks the dismissal of all counts[2] in ASA's complaint except Counts 7 and 8. The Court will consider each argument in turn.

#### 1. Counts 1-6

In Counts 1-6 of its complaint, ASA alleges 1) violations of the Texas Insurance Code and Deceptive Trade Practices Act, 2) negligence and negligent misrepresentation concerning Defendants' verifications of patients' insurance coverage, 3) breach of

---

[2] ASA has used the term "counts" in its pleadings, and the Court will adopt it. The proper term is, however, "claims for relief." FED. R. CIV. P. 8(a).

implied contract and prompt pay violations, 4) breach of the duty of good faith and fair dealing under the special and contractual relationship between ASA and United, 5) theft of ASA's medical services in violation of the Texas Theft Liability Act, and 6) conversion of funds that should have been paid to ASA.

United argued originally that ASA's state claims warranted dismissal for two reasons: first, because they were completely preempted under well-settled law holding that a claim for benefits pursuant to Section 502(a)(1)(B) of ERISA preempts all other theories of recovery premised on an underpayment of claims; and second, because the recovery sought in Counts 1-6 conflicted with ERISA remedies and were, therefore, "conflict preempted." (Doc. No. 16, ¶¶ 31-32.) In its response, ASA clarifies that it is bringing its state law claims only as to those patients who are not members of ERISA plans. As to non-ERISA patients, then, the state claims are not preempted. ASA states, however, that it will nonetheless dismiss several of its state law claims entirely in an effort to streamline its case. ASA seeks leave to amend its pleadings and dismiss the following claims: 1) negligence and negligent misrepresentation, 2) quantum meruit, 3) breach of the duty of good faith and fair dealing, and 4) violation of the Texas Theft Liability Act. (Pl. Am. Surgical Assistants, Inc.'s Resp. to Defs. United Healthcare of Tex. Inc. & United Healthcare Ins. Co.'s Mots. to Dismiss, Doc. No. 25, at 7.) ASA continues to pursue the following state law claims for its non-ERISA patient services: 1) violations of the Texas Insurance Code and Deceptive Trade Practices Act, 2) violations of the Texas Prompt-Pay Statute, 3) breach of contract, and 4) conversion.

In its reply, United moves for dismissal of ASA's remaining state law claims. (Reply to Pl.'s Resp. to Defs. United Healthcare of Tex., Inc.'s & United Healthcare Ins.

Co.'s Mot. to Dismiss, Doc. No. 26, ¶¶ 21-24.)  United argues that ASA's complaint "features the barest, most element-driven allegations" of the state law causes of action. (Doc. No. 26, ¶ 22.)  Specifically, United asserts that ASA uses the statutory elements "verbatim, without any supporting facts or grounds on which the claims rest," which denies United of the fair notice to which it is entitled.  (*Id.*)  United also asserts that in its pleadings, ASA fails to set forth any statements related to the Insurance Code, Deceptive Trade Practices Act, or prompt pay causes of action.  United claims that most or all of the allegations pertain to the remaining implied contract claim, and the now-dismissed quantum meruit claim.

The Court agrees that ASA's pleadings fall short with respect to its state law claims.  The main deficiency in ASA's pleading is its failure to specify how United "failed to make timely and proper payment for the claims submitted." Doc. No. 13, ¶ 17-18.)  The *Twombly* pleading standard requires, at a minimum, that ASA allege specific facts to put United on notice of the claim at issue, and state a claim that is plausible.  In order to maintain its Texas Insurance Code, Texas Deceptive Trade Practices Act, and prompt pay claims, ASA must show *in what way* United 1) misrepresented its policy, 2) engaged in unfair settlement practices, 3) failed to disclose matters required by law to be disclosed, and 4) violated the prompt pay statute.  ASA must also specify which provisions of Chapters 542, 543, 843, and 1301 were violated by United.  ASA does not list specific provisions of these chapters, instead arguing that United "engaged in prohibited conduct" and "violated applicable provisions" of the chapters. (Doc. No. 13, ¶¶ 35-37.)  The pleading standard requires, at a minimum, that ASA both list the specific violations of the relevant chapters, and specify in what way United violated them.

In order to prove its breach of contract claims, ASA must show (1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach. *Oliphant Financial, LLC v. Patton*, 2010 WL 936688, at *3 (Tex. App.—Dallas Mar. 17, 2010) (citing *Hussong v. Schwan's Sales Enters.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ)). Again, similar to the pleading's other deficiencies outlined above, ASA fails to plead any facts that show a breach of contract by United. The only statement in the pleading that relates to United's possible breach—that United "failed and refused to abide by" the contract—is conclusory. An offer of mere "labels and conclusions" is insufficient to meet the Rule 12(b)(6) standard. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

In order to prove its conversion claims, ASA must show the following elements: (1) they owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiffs' rights as owners; (3) the plaintiffs demanded return of the property; and (4) the defendant refused to return the property. *J.P. Morgan Chase Bank v. Tex. Contract Carpet, Inc.*, 302 S.W.3d 515, 536 (Tex. App.—Austin 2009) (citing *Augillard v. Madura,* 257 S.W.3d 494, 500 (Tex. App.—Austin 2008, no pet.). On this count, ASA engages in a formulaic recitation of the elements by alleging only that it was the owner of funds, that United unlawfully and without authority assumed dominion and control of the funds, that Plaintiff demanded that the funds be returned, and that United refused to do so. These allegations merely track the language of the elements of conversion outlined above, and

do not plead specific facts as to each element. The facts alleged in the "Relevant Facts" section do not provide enough specificity to bring the conversion claim above a speculative level.

The Court finds that ASA fails to state a claim under Rule 12(b)(6) with respect to the state law causes of action. The Court, however, will allow ASA to amend its complaint. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable of the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") The Court believes that additional allegations could cure the existing deficiences.

### 2. Counts 7-8

Counts 7 and 8 seek relief under ERISA, and United does not oppose these counts. They will go forward.

### 3. Count 9

Count 9 alleges the violation of fiduciary duties under ERISA. United urges the court to dismiss this count or order ASA to replead and offer factual allegations, rather than conclusions, related to United's alleged breach of fiduciary duties.

The Court agrees with United that ASA both fails to show standing to sue for breach of fiduciary duty, and fails to plead more than conclusions on the substance of the claim. ASA argues that it may bring a breach of fiduciary duty claim via an assignment of the policy, but then admits it does not have a separate assignment. Instead, it uses the hospital's assignment. ASA must plead specific facts to show that it holds a valid

assignment, and that this claim may be brought by an assignee. Specifically, Plaintiff must plead that its "patients expressly and knowingly assigned their rights to sue for breach of fiduciary duty." *Am. Surgical Assistants, Inc. v. Great W. Healthcare of Tex., Inc.*, 2010 WL 565283, at *4 (S.D. Tex. Feb. 17, 2010) (citing *Tex. Life v. Gaylord Entm't Co.*, 105 F.3d 210 (5th Cir. 1997)). "Fiduciary duty breach claims 'are not assigned by implication or by operation of law. Instead, only an express and knowing assignment of an ERISA fiduciary breach claim is valid.'" *Id.*

In addition, in the Court's view, ASA fails to state a claim that United has breached its fiduciary duty. The only allegation ASA makes relates to United's use of the "Ingenix database and other methods for pricing . . . claims . . . that benefited itself at the expense of members as well as Plaintiff," and United's failure" to inform members/subscribers of material information, including but not limited to flaws in the data and methodology used to determine UCR reimbursement." (Doc. No. 13, ¶ 196.) Nowhere does ASA allege why United's use of the Ingenix database was a breach of its fiduciary duty, what flaws the database had, or that United had any knowledge of the database's alleged problems.

The Court will allow ASA to amend its pleadings to cure these pleading deficiencies in Count 9.

### 4. Counts 10-11

Counts 10 and 11 allege violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. ASA has decided to dismiss these Counts. Accordingly, the Court need not consider whether they were pled sufficiently.

### 5.   Count 12

Count 12 alleges a "Violation of Section 1 of the Sherman Act." (Doc. No. 13, at 53.)  United moves to dismiss this Count, arguing that ASA's pleadings fall short of the Rule 12(b)(6) standard.  Specifically, United contends, even if the Court could draw an inference of conscious parallel behavior between United and its competitors, that is not sufficient to state a claim that plausibly suggests an antitrust violation.  (Doc. No. 26, ¶¶ 13-16.)

The Court agrees that the pleading fails to set forth a plain statement of facts sufficient to state a claim for relief that is plausible on its face.  ASA alleges that "United Healthcare combined, conspired and/or agreed with its co-conspirators in a horizontal price fixing conspiracy that sought, and was able, to artificially lower, fix or maintain the price paid to Plaintiff and their patients by United Healthcare as [usual, customary, and reasonable] rates."  This conclusory pleading will not suffice.  ASA may not rest on legal conclusions, but instead must plead "sufficient facts in context to set forth a plausible claim." *Am. Surgical Assistants*, 2010 WL 565283, at *6.  Because ASA does not allege an actual, direct agreement between United and other competitors who obtained data from Ingenix, "a factual predicate for conspiracy must be set out that consists of more than allegations that several companies all of whom were engaged in the same kind of insurance claims business, each went to a common source to obtain data on the usual, customary, and reasonable charges for certain services provided by health care providers, or other such natural, parallel conduct that does not in and of itself support a plausible antitrust conspiracy." *Id.* (citing *Twombly*, 550 U.S. 544, 127 (2007)).  "Besides alleging contextual facts for a plausible claim of an agreement or conspiracy, additional matters

must be plainly and simply alleged with sufficient factual context to show the alleged agreement has an anticompetitive effect." *Id.* (citing *N. Tex. Specialty Physicians v. F.T.C.*, 528 F.3d 346, 358-63 (5th Cir. 2008)). ASA has requested an opportunity to amend its pleading, which the Court grants.

### III. MOTION TO TAKE JUDICIAL NOTICE

ASA moves the Court to take judicial notice of the United States Senate Committee on Commerce, Science, and Transportation's June 24, 2009 report ("Senate Report") entitled "Underpayments to Consumers by the Health Insurance Industry." (*See* Pl. Am. Surgical Assistants, Inc.'s Mot. to Take Judicial Notice of United States Senate Report, Doc. No. 27, Ex. A.) The report is a culmination of the Committee's "investigation into how the insurance industry pays benefits to consumers who purchase 'out-of-network' health insurance coverage," (Doc. No. 27, Ex. A, at i), and contains detailed information about the Ingenix database, a database whose use is at issue in the instant litigation. United filed a response in opposition, as well as supplemental authority showing that the same motion has been denied before this Court previously.

#### A. Standard

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts, or the facts of a particular case. It provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).

#### B. Analysis

As an initial matter, it is unclear whether ASA seeks judicial notice of the fact that the Senate Report was issued, or whether it requests this Court to take judicial notice of the contents of the Senate Report.  ASA offers a cursory analysis in support of its motion.  In its analysis, ASA proffers that the Fifth Circuit holds that courts should generally take judicial notice of government reports, and further argues that federal courts have long taken judicial notice of congressional committee reports.  The cases cited by ASA, however, do not fully support the propositions for which ASA cites them, and certainly do not militate in favor of granting judicial notice here.  In *Terrebonne v. Blackburn*, the Fifth Circuit stated, "Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports."  646 F.2d 997, 1000 n.4 (5th Cir. June 1981).  The record in that case, however, was a statistical report from the Louisiana Department of Corrections, and the Fifth Circuit relied on the report only for its statistical findings.  In the other federal cases cited by ASA, the courts either noted that they did not have to accept report findings as true, or cited a report for a discrete, quantifiable fact.  *Stasiukevich v. Nicolls*, 168 F.2d 474, 479 (1st Cir. 1948) ("But though the court may receive the report in evidence, or may take judicial notice of its existence and contents, this does not mean that the court must accept the findings in the report as the indisputable truth . . . .")  (citations omitted); *Rothe Dev. Corp. v. U.S. Dep't of Defense* 499 F. Supp. 2d 775, 829 n.62 ("The Court takes judicial notice of the fact that the federal government is the single largest consumer of goods and services in the world.") (overruled in part on other grounds by *Rothe Dev. Corp. v. Dep't of Defense*, 545 F.3d 1023 (Fed. Cir. 2008)) (citing 108th Congress—Small Business Record, Report to the House Small Business Committee, p. 9 (Oct. 2004)).

In contrast to the precedents ASA invokes, it asks this Court to accept the contents of a seventy-six page Senate Report. This information is neither statistical, discrete, nor, in its entirety, quantifiable. The "Senate Report . . . contains findings, conclusions, disputed facts, and unverified data, which clearly do not satisfy the requirements of Rule 201(b)." *In re Cyberonics Inc. Sec. Litig.*, 2006 WL 2050696, at *3 (S.D. Tex. July 20, 2006). Moreover, if the Court took judicial notice of the contents of the Senate Report, it would be decisively ruling on a particular issue before it in this very case—whether United misused the Ingenix database in reimbursing patients and health care providers on their insurance claims. This would hinder or prevent United from laying out its own case on this very issue.

The concept of Rule 201 is to take notice of a fact whose accuracy cannot reasonably be questioned. ASA does not establish that the findings in the Senate Report cannot reasonably be questioned, nor does it address the two prongs of the Rule 201(b) test and why they are met here. The Court does not believe it appropriate to take notice of the contents of a report that pass on the very questions at play in this litigation. If ASA wishes for certain statements from the report to be admitted in a later dispositive motion or at trial, it will have to go through the proper evidentiary channels to do so.

## IV.    CONCLUSION

Defendants' Response to Plaintiff's Motion for Leave to File an Amended Pleading, or Alternatively, Motion to Dismiss, and Brief in Support Thereof (Doc. No. 16), is **GRANTED**. ASA is given the opportunity to amend its complaint to cure the deficiencies outlined above. ASA is ordered to file an amended complaint no later than twenty (20) days from the date of this Order.

Plaintiff American Surgical Assistants, Inc.'s Motion to Take Judicial Notice of United States Senate Report (Doc. No. 27) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 30th day of March, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**